UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABRIELLE GROESCHEL,

    Plaintiff,
v.                              Case No. 8:18-cv-2500-T-33AAS

CASEY KEY FISH HOUSE, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court upon consideration of the Report and Recommendation of the Honorable Amanda Arnold Sansone, United States Magistrate Judge (Doc. # 13), which was filed on December 26, 2018, recommending that Plaintiff Gabrielle Groeschel's Motion for Default Judgment (Doc. # 11) be granted in part and denied in part. No objections have been filed, and the time to file objections has expired. The Court adopts the Report and Recommendation as follows.

**Discussion**

Groeschel filed this action against Defendant Casey Key Fish House, Inc. on October 9, 2018. (Doc. # 1). She asserts the following claims: violation of the Fair Labor Standards Act's overtime requirements (Count I); violation of the FLSA's minimum wage requirements (Count II); violation of Florida's Minimum Wage Act (Count III); and attorney's fees (Count IV).

After being served, Fish House failed to respond, and upon Groeschel's application, the Clerk issued a Default on November 13, 2018. (Doc. ## 6, 8, 9). Groeschel filed a Motion for Default Judgment on November 26, 2018, which this Court referred to the Magistrate Judge for the issuance of a Report and Recommendation. (Doc. ## 11, 12).

The Magistrate Judge now recommends that the Court "enter final judgment against Fish House on Ms. Groeschel's FLSA claims (Counts I and II) [and] also recommends that the Court award Ms. Groeschel her unpaid minimum wages, her unpaid overtime compensation plus liquidated damages equal to the amount owed for overtime compensation and unpaid minimum wages." (Doc. # 13 at 3). The Magistrate Judge further recommends that the Court deny the Motion for Default Judgment as to Ms. Groeschel's claim under the Florida Minimum Wage Act (Count III) because Ms. Groeschel failed to comply with the notice provision of the FMWA. (Id. at 4).

The Magistrate Judge correctly notes that Groeschel failed to provide the information that is needed to decide her damages. The Magistrate Judge accordingly recommends that this Court require Groeschel to file a supplement including the following information: "a declaration setting forth the dates and hours Ms. Groeschel worked for Fish House [and] any

other documentation or support for the amount owed to Ms. Groeschel on her FLSA claims for overtime compensation and unpaid wages" and "the appropriate papers supporting her request" for attorney's fees, costs, and interest. (Id. at 5-6). As noted, no objections to the Report and Recommendation have been filed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

The Court has conducted an independent examination of the file and upon due consideration, the Court accepts and adopts the Report and Recommendation.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 13) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiff's Motion for Default Judgment (Doc. # 11) is **GRANTED IN PART AND DENIED IN PART**.

(3) Plaintiff is directed to file a declaration containing all information needed to support her claims, attorney's fees, costs, and interest by **January 17, 2019.**

(4) Entry of Judgment on Counts I, II, and IV is reserved until damages and the amount of fees, costs, and interest are determined.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE