UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABRIELLE GROESCHEL;

      Plaintiffs.

v.                                            CASE NO.: 8:18-cv-02500-VMC-AAS

CASEY KEY FISH HOUSE, INC.,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR DAMAGES AND MEMORANDUM OF LAW IN SUPPORT FOR COUNTS 1, 2, AND 4 OF PLAINTIFF'S COMPLAINT**

      COMES NOW, Plaintiff, GABRIELLE GROESCHEL, by and through her undersigned counsel, and files this Motion for Damages and Memorandum of Law in Support of damages she sustained as a result of the actions alleged in her Complaint, specifically regarding counts one, two, and four of her Complaint, and states as follows:

**PROCEDURAL POSTURE**

1.    This case involved unpaid overtime, unpaid minimum wages, and misappropriated tips under the FLSA.

2.    Plaintiff originally filed her Complaint on October 9, 2018. Defendant thereafter failed to answer, and, as of the time of this writing, as made no response or appearance in the case whatsoever.

3.    As a result, and upon motion by the Plaintiff, the Clerk entered a Default on November 13, 2018 (Doc. 9).

4.    Thereafter, the Plaintiff filed her Motion for Default Judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Doc. 11).

5.    In response to Plaintiff's motion, the Court issued their Report and Recommendation (Doc. 13) that Plaintiff file the requisite documentation supporting her request for a specific award of damages, attorney's fees and costs, and reserved judgment on Counts One, Two, and Four until such damages, fees and costs were determined. The Report and Recommendation was adopted by the Court in their Order, dated January 10, 2019 (Doc. 14).

1

6.  Contemporaneously with this Motion, Plaintiff files her Affidavit supporting the damages requested in her Complaint on Counts One, Two, and Four.

7.  Accompanying and in support of that Affidavit, Plaintiff now files this Motion and Memorandum of Law, requesting damages and providing legal argument supporting those damages.

## ARGUMENT

A.  **Count One: Unpaid Overtime pursuant to the FLSA**

   i.  **Plaintiff's Sworn Testimony**

The Court has found that Plaintiff sufficiently stated a claim for unpaid overtime wage under the FLSA (See this Court's Order dated January 10, 2019; Doc. 14). In support of her claim, Plaintiff testifies that she began working for Defendant in October 2004. Aff. Gabrielle Groeschel ¶ 2 (January 10, 2019). Plaintiff states that from the time period between October 9, 2015 through December 31, 2016, she was paid $5.03 per hour, plus tips, and from January 1, 2017 through November 30, 2017, she was paid $5.10 per hour, plus tips. *Id*. at ¶¶ 4-5. Throughout this time period, she was never paid any overtime compensation, despite working 55 hours per week, on average. *Id.* at ¶ 8. Additionally, Plaintiff states that Defendant was aware of their legal obligation under the FLSA to pay appropriate overtime and minimum wages, but despite this knowledge, they failed to do so. *Id.* at ¶ 9. Lastly, Plaintiff states that throughout her employment she was paid on an hourly and not a salary basis. *Id.* at ¶ 4.

   ii.  **A Three Year Statute of Limitations Applies**

In this case, a three-year statute of limitations should apply to Plaintiff's claims. In her Complaint, Plaintiff properly pled that Defendant's conduct in failing to pay her overtime was willful and intentional, and that Defendant made no good faith effort to comply with the FLSA, despite their knowledge of the law. Pl's Compl. ¶ 35, 36, 37, and 46 (October 9, 2018). Plaintiff reaffirms those allegations in her Affidavit. FLSA overtime claims "arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

As such, Plaintiff is entitled to recover all unpaid overtime wages she accrued for the three years prior to the filing of her Complaint. The Complaint in this case was filed

on October 9, 2018. Therefore Plaintiff is entitled to all overtime wages due her from October 9, 2015, to the date her employment ended (November 30, 2017).

### iii. Overtime Hours Worked and Wages Received

In regard to her hours worked, Plaintiff states that she worked an average of 55 hours per week during the time period from October 9, 2015 through November 30, 2017. Aff. Gabrielle Groeschel ¶ 6. The FLSA requires employers to keep certain records for each non-exempt worker, in particular, records indicating the amount of hours every such employee works in each workweek. 29 C.F.R. Part 516. If no records exist indicating the amount of hours worked by Plaintiff, Plaintiff may establish her hours solely by her testimony. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). Further, where the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id*. at 688.

Plaintiff was a long tenured employee with the Defendant. She did not, and was not obligated to, keep a personal accounting of her hours worked throughout her employment. However, she has provided sworn testimony that during the relevant time period she worked, on average, 55 hours per week for Defendant. In regard to wages she received, she was paid $5.03 per hour from October 9, 2015 through December 31, 2016. From January 1, 2017 through November 30, 2017, she was paid $5.10 per hour.

Defendant utilized a tip credit to justify paying Plaintiff a wage below the legally mandated minimum wage. There are special provisions in determining a tipped employee's regular rate of pay. In discussing 29 C.F.R. §531.60(a) courts have held:

> When overtime is worked by a tipped employee who is subject to the overtime of the Act, his regular rate of pay is determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which compensation was paid . . . In accordance with Section 3(m), a tipped employee's regular rate of pay includes the amount of the tip credit taken by the employer . . . and the cash wages . . . paid by the employer. Any tips received by the employee in excess of the tip credit need not be included in the regular rate.

*Perez v. Palmero Seafood, Inc.*, 548 F. Supp. 2d 1340, 1348 (S.D. Fla. 2008), *aff'd*, 302 Fed. Appx. 905 (11th Cir. 2008).

Accordingly, Plaintiff's regular rate of pay would be her hourly wage, plus the applicable tip credit. The legally mandated tip credit in Florida throughout the relevant time period was $3.02. Thus, from October 9, 2015 through December 31, 2016, Plaintiff's regular rate of pay was $8.05 per hour ($5.03 in cash wages, plus $3.02 in tip credit). From January 1, 2017 through November 30, 2017, Plaintiff's regular rate of pay was $8.12 per hour ($5.10 in cash wages, plus $3.02 in tip credit).

    iv.    **Plaintiff Is Entitled to One-and-One-Half Times Her Regular Rate of Pay for All Hours Worked Over Forty (40) Per Workweek**

The FLSA generally requires employers to compensate their employees at one-and-one-half times the employee's regular rate of pay for each hour worked over forty. *Davis v. Friendly*, 2003 WL 21488682, *1 (11th Cir. 2003) (citing 29 U.S.C. § 207(a)(1). However, in cases where employees are paid a set amount each week while their hours or work schedules fluctuate, the FLSA's implementing regulations permit employers to use alternative compensation schemes, specifically, the fluctuating workweek method ("FWW"). *Garcia v. Port Royale Trading Co.*, 198 Fed. Appx. 845, 846 (11th Cir. 2006). When that FWW method is used, employees are only entitled to one-half times their regular rate for all hours worked over forty per workweek.

Such a compensation scheme is not applicable to this case, and therefore Plaintiff should receive one-and-one-half times her regular rate for all overtime hours she worked. Plaintiff was not paid a salary, or set amount each week. Her pay was directly tied to the amount of hours she worked, and both her pay and hours varied from week to week. As Plaintiff affirmed in her Affidavit, she was only paid by the hour throughout her employment with Defendant. Aff. Gabrielle Groeschel ¶ 4. As such, the FWW method should not apply to this case, and Plaintiff should be awarded one-and-one-half times her regular rate of pay for all overtime hours worked.

    v.    **Overtime Damage Calculations**

From October 9, 2015 through December 31, 2016, Plaintiff's regular rate of pay was $8.05 per hour, as discussed *supra*. Thus, her overtime rate during this time period would have been $12.07 per hour. As Plaintiff has affirmed, she worked fifty-five (55) hours per week during this time period, which included sixty-one (61) weeks. Therefore, based on the above, Plaintiff worked a total of 915 unpaid overtime hours during this

period, and is therefore due $11,044.05 in unpaid overtime wages for the hours she worked between October 9, 2015 and December 31, 2016.

From January 1, 2017 through November 30, 2017, Plaintiff's regular rate of pay was $8.12 per hour, as discussed *supra*. Thus, her overtime rate during this time period would have been $12.18 per hour. As Plaintiff has affirmed, she worked fifty-five (55) hours per week during this time period, which included forty-one (41) weeks. Therefore, based on the above, Plaintiff worked a total of 615 unpaid overtime hours during this period, and is therefore due $7,490.70 in unpaid overtime wages for the hours she worked between January 1, 2017 and November 30, 2017.

In total, during the relevant period of time, Plaintiff is owed $18,534.75 in unpaid overtime wages.

**B.    Count Two: Violation of the FLSA's Minimum Wage Requirements**

**i.    Unpaid Minimum Wages for Failure to Provide Notice of Using the Tip Credit**

Plaintiff should be awarded unpaid minimum wages for the difference between her hourly wages and the applicable minimum wage set by the FLSA and Department of Labor, due to Defendant's failure to inform Plaintiff that they intended to treat her tips as satisfying their part of her minimum wages. Further, Plaintiff should be awarded all tips that Defendant mandated Plaintiff distribute to all other employees who did not regularly and customarily receive tips.

The FLSA provides that an employer may pay an employee a cash wage below the minimum wage, so long as the employer supplements the difference with the employee's tips; this is known as taking a "tip credit." *Rubio v. Fuji Sushi & Teppani, Inc.*, 2013 WL 230216, at *2 (M.D. Fla. Jan 22, 2013). However, the employer may only take a "tip credit" toward the minimum wage if the employer informs the employee of the FLSA's tip provisions. *Id*. Additionally, if an employee receives tips pursuant to a tip pooling system, the tip pool may only include customarily tipped employees. *Id.*

In her supportive affidavit, Plaintiff has testified that she was only paid $5.03 per hour from October 9, 2015 through December 31, 2016, and $5.10 per hour from January 1, 2017 through November 30, 2017. Aff. Gabrielle Groeschel ¶ 4-5. She also stated that "During my employment, I was never notified or given any other notice that Defendant

5

would be using or utilizing a tip credit in regard to my wages." *Id.* at ¶ 7. As the Court has stated, "If an employer fails to satisfy any of these preconditions, the employer may not claim the tip credit, regardless of whether the employee suffered actual economic harm as a result." *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1355 (M.D. Fla. 2016); see also *Garcia v. Koning Rest. Int'l L.C.*, No.12-CV-23629-HUCK, 2013 WL 8150984, at *4 (D.D. Fla. 2013) (unpublished).

Thus, due to Defendant's failure to provide notice, Plaintiff is entitled to the difference between her hourly wages and the Federal Minimum Wage for all hours worked during the relevant period. The federal minimum wage during the entirety of the relevant period was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). From October 9, 2015 through December 31, 2016, Defendant worked 61 weeks at 40 hours per week[1]. The difference between her wages during this time period ($5.03/hour) and the minimum wage ($7.25/hour) is $2.22. Based on the weeks worked, Plaintiff is entitled to 2,440 hours of unpaid minimum wages during this time period, multiplied by the difference of $2.22. This amount comes to $5,416.80. Additionally, from the time period between January 1, 2017 to November 30, 2017, Plaintiff worked 41 weeks, and the difference between her wages ($5.10/hour) and the minimum wage ($7.25/hour) is $2.15. Based on the weeks worked, Plaintiff is entitled to 1,640 hours of unpaid minimum wages during this time period, multiplied by the difference of $2.15. This amount comes to $3,526.00. In sum, Plaintiff is entitled to $8,942.80 in unpaid minimum wages, due to Defendant's failure to provide adequate notice of using a tip credit.

    **ii.**    **Unpaid Minimum Wages Based On Misappropriated Tips**

The FLSA limits participation in mandatory tip pools to employees who "customarily and regularly receive tips." 29 U.S.C. § 203(m). A valid tip pool generally does not include dishwashers, cooks, chefs, and janitors. U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)" at 1; *Kubiak*, 164 F. Supp. 3d at 1355.

---

[1] Although Plaintiff actually worked 55 hours per week on average, she is already claiming compensation for unpaid overtime, as discussed *supra*. Thus, for minimum wage damages, she is only seeking the difference between her hourly wages and the legally mandated minimum wage for the first 40 hours she worked each workweek, to avoid double recovery.

6

Plaintiff has alleged in her supportive affidavit that she was forced by Defendant to share $30 per day with employees who did not regularly or customarily receive tips, such as dishwashers and hostesses. Aff. Gabrielle Groeschel ¶ 10. Additionally, Plaintiff stated that she worked five days per week during the period from October 9, 2015 through November 30, 2017. *Id.* at ¶ 12. Accordingly, during this period Plaintiff worked 510 total days, and each day $30 of her tips were misappropriated by Defendant. Therefore, Plaintiff is entitled to $15,300.00 as damages for tips misappropriated by Defendant.

### C.     Liquidated Damages on all Counts

The FLSA provides in pertinent part: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Any employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict. *C.D. Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980), *cert. denied*, 449 U.S. 1077 (1981).

Liquidated damages should absolutely be awarded in this case. Plaintiff affirmatively alleged in her Complaint that Defendant's failures to compensate her pursuant to the FLSA were knowing, intentional, willful, and in bad faith. Moreover, Plaintiff stated in her supportive Affidavit that Defendant "knew they had an obligation to pay overtime wages and minimum wages, in accordance with the FLSA and Florida law. Despite this knowledge, they continually failed to compensate myself in accordance with the applicable laws." Aff. Gabrielle Groeschel ¶ 9.

By virtue of their default, Defendant has admitted that their violations of the FLSA, both for unpaid overtime and unpaid minimum wages, were willful, knowing, intentional, and in bad faith. Accordingly, Plaintiff is entitled to liquidated damages for all unpaid overtime, unpaid minimum wages, and misappropriated tips she claims herein.

### D. Attorney's Fees and Costs

The FLSA provides that "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Plaintiff has sufficiently stated a claim for attorney's fees and costs in her Complaint. Moreover, in her supportive Affidavit, Plaintiff stated, "Due to Defendant's failure to compensate me in accordance with Federal and Florida law, I was forced to retain Buckman & Buckman, P.A. to represent me in this matter. As such, I owe them reasonable attorneys' fees and the costs incurred in bringing this case." Aff. Gabrielle Groeschel ¶ 13.

### E. Conclusion

Plaintiff's damages can be summarized as follows: she has claimed entitlement to a total of $18,534.75 in unpaid overtime; a total of $15,300.00 in misappropriated tips; and a total of $8,942.80 in unpaid minimum wages. Pursuant to the FLSA, she should be awarded additional equal amounts as liquidated damages.

Thus, including the liquidated amounts, Plaintiff should be awarded a total of $37,069.50 for her unpaid overtime claim; a total of $30,600.00 for her minimum wage claims as they pertain to misappropriated tips; and a total of $17,885.60 for her unpaid minimum wages. This amounts to a total award of $85,555.10.

Additionally, Plaintiff is entitled to her reasonable attorney's fees and costs. In the event the Court issues a Judgment on Plaintiff's FLSA claims, counsel for Plaintiff will subsequently file an Application for Attorney's Fees and Costs, within any time period specified by the Court.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a Judgment on Counts One, Two, and Four of Plaintiff's Complaint, in the amounts discussed herein, and granting any other and further relief that this Court deems just and proper.

Respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
Email: nick@buckmanandbuckman.com

        Y. Drake Buckman, II, Esq.
        Florida Bar Number: 0137634
        Email: attorney@buckmanandbuckman.com

        **BUCKMAN & BUCKMAN, P.A**
        2023 Constitution Blvd.
        Sarasota, FL 34231
        Telephone:   (941) 923-7700
        Fax:            (941) 923-7736

        *Attorneys for Plaintiff, Gabrielle Groeschel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record via the Federal Court's CM/ECF electronic filing system on January 15, 2019.

        */s/ Nicholas J. Castellano, II*
        Nicholas J. Castellano, II, Esq.
        Florida Bar Number: 0118601