**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GABRIELLE GROESCHEL,

      **Plaintiff,**

v.                                 **Case No. 8:18-cv-2500-T-33AAS**

CASEY KEY FISH HOUSE, INC.,

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Gabrielle Groeschel moves for damages on her overtime and minimum-wage claims under the Fair Labor Standards Act (FLSA). (Doc. 15). Ms. Groeschel demonstrates she is entitled to $18,543.90 in unpaid overtime, $8,942.80 in unpaid minimum wages, and $27,486.70 in liquidated damages. Her motion should therefore be **GRANTED**.

## I.    BACKGROUND[1]

Casey Key Fish House (Fish House) is a restaurant in Osprey, Florida. (Doc. 1, p. 3). From October 2004 to November 2017, Ms. Groeschel worked for Fish House as a server. (*Id.* at 2). Fish House employed Ms. Groeschel as a tipped employee, which means Fish House paid Ms. Groeschel below minimum wage. (*Id.* at 3).

---

[1] The defaulting party admits well-pleaded allegations in the complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citation omitted). So, this report's "Background" section is partially based on well-pleaded allegations in Ms. Groeschel's complaint.

During her time with Fish House, Ms. Groeschel was required to participate in an illegitimate tip pool. (Doc. 1, p. 2). That is, Ms. Groeschel was forced to share her tips with employees "who do not customarily and regularly receive tips." (*Id.*). When Fish House terminated Ms. Groeschel, her hourly wage was $5.10. (*Id.* at 3).

Ms. Groeschel claims Fish House violated the FLSA and Florida's Minimum Wage Act (FMWA). (*Id.* at 5–7). Ms. Groeschel alleges Fish House failed to pay her overtime every week she worked more than forty hours. (Doc. 1, pp. 5–6). Ms. Groeschel's complaint also alleges Fish House failed to pay Ms. Groeschel minimum wage. (*Id.* at 6–7). She also seeks a judgment for attorney's fees. (*Id.* at 7).

Ms. Groeschel served Fish House and later moved for entry of Clerk's default after Fish House failed to plead or otherwise defend against her claims. (Doc. 8). The Clerk entered default, and Ms. Groeschel then moved for default judgment under Federal Rule of Civil Procedure 55(b). (Doc. 11).

The December 26th report recommended entering default judgment, with respect to liability, against Fish House on Ms. Groeschel's overtime (Count I) and minimum-wage (Count II) claims under the FLSA. (Doc. 13). The report also recommended denying default judgment on Ms. Groeschel's claim under the FMWA (Count III) because she failed to satisfy the FMWA's notice requirement. (*Id.*).

The report discussed how the record at that point included insufficient information to determine Ms. Groeschel's damages under the FLSA. (*Id.*). The report also discussed how Ms. Groeschel provided no documentation to support the amount

of her attorney's fees judgment. (Doc. 13). So, the report recommended reserving entry of default judgment on the overtime (Count I), minimum-wage (Count II), and attorney's fees (Count IV) claims until Ms. Groeschel provided requisite documentation. (*Id.* at 6). The January 10th order accepted and adopted the December 26th Report and Recommendation. (Doc. 14).

Ms. Groeschel submitted her current motion consistent with the January 10th order. (Doc. 15). To support her claimed overtime and minimum-wage damages, Ms. Groeschel included an affidavit, in which she details her damages. (Doc. 16). The issue of Ms. Groeschel's damages on her overtime and minimum-wage claims is therefore ripe for determination.

## II.   LEGAL STANDARD

Although default judgment on liability accepts well-pleaded allegations as true, allegations about damages are not automatically accepted. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). The court must instead determine the amount and types of damages to award. *Id.* (citation omitted); *see also* Fed. R. Civ. P. 55(b) (stating the court may conduct hearings to determine the amount of damages to award).

The court need not conduct a hearing under Rule 55(b) if the record clearly establishes the amount of damages. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (citations omitted). Detailed affidavits alone can establish the amount of damages. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d

1538, 1543–44 (11th Cir. 1985) (citations omitted).

Under the FLSA, the plaintiff has the burden of proving she worked without proper compensation. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted) (discussing how an FLSA plaintiff has the burden of proving she worked overtime without compensation). After the plaintiff produces evidence supporting her claimed damages, the burden shifts to the employer to prove it properly paid the plaintiff. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting and discussing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)). If the employer fails to produce evidence, like time records, showing the plaintiff was properly paid, then the court may award the plaintiff's requested damages. *Id.* (quotation and citations omitted).

## III. ANALYSIS

Ms. Groeschel's current motion attempts to establish damages on her overtime and minimum-wage claims. (Doc. 15). The undersigned will address each claim in turn—albeit in a different order.[2]

### A.    Minimum-Wage Compensation

Employers must pay their employees an hourly minimum wage of $7.25. 29 U.S.C. § 206(a)(1)(C). If an employer pays an employee below minimum wage, the

---

[2] Courts usually analyze overtime claims last because other wages can reduce the plaintiff's overtime compensation. *See, e.g.*, *Wallace v. The Kiwi Group*, 247 F.R.D. 679, 684 (M.D. Fla. 2008) (stating the plaintiff's overtime compensation was "not reduced by any previously received wages").

4

employee may recover the difference between the hourly minimum wage and the hourly wage she received for the work she performed. *Wallace*, 247 F.R.D. at 682.

In her affidavit, Ms. Groeschel states her hourly wage was $5.03 from October 9, 2015, to December 31, 2016. (Doc. 16, ¶4). The difference between Ms. Groeschel's hourly wage and the minimum wage is $2.22.[3] She worked forty hours a week for sixty-one weeks from October 9, 2015, to December 31, 2016. (Doc. 15, p. 6). Ms. Groeschel may recover $2.22 hourly for non-overtime she worked in those sixty-one weeks. Ms. Groeschel worked 2,440[4] non-overtime hours between October 9, 2015, to December 31, 2016. She should be awarded $5,416.80[5] in unpaid minimum-wage compensation for the time between October 9, 2015, to December 31, 2016.

From January 1, 2017, to November 30, 2017, Ms. Groeschel states her hourly wage was $5.10. (Doc. 16, ¶5). The difference between Ms. Groeschel's 2017 hourly wage and the minimum wage is $2.15.[6] She worked forty hours a week for forty-one weeks from January 1, 2017, to November 30, 2017. (Doc. 15, p. 6). Ms. Groeschel may recover $2.15 hourly for non-overtime she worked in those forty-one weeks. She worked 1,640[7] non-overtime hours between January 1, 2017, to November 30, 2017.

---

[3]  $7.25 (minimum wage) - $5.03 (wage received) = $2.22 (difference)

[4]  40 (non-overtime hours) x 61 (weeks worked) = 2,440 (non-overtime hours worked)

[5]  $2.22 (difference) x 2,440 (non-overtime hours) = $5,416.80 (unpaid minimum wage)

[6]  $7.25 (minimum wage) - $5.10 (wage received) = $2.15 (difference)

[7]  40 (non-overtime hours) x 41 (weeks worked) = 1,640 (non-overtime hours worked)

Ms. Groeschel should be awarded $3,526[8] in unpaid minimum-wage compensation for the time between January 1, 2017, to November 30, 2017.

Altogether, Ms. Groeschel should be awarded $8,942.80[9] for all unpaid minimum-wage compensation.

### B.     Overtime Compensation

An employee must be paid one and one-half times her regular wage for each hour she works over forty hours in a week. 29 U.S.C. § 207(a)(1). A tipped employee's regular wage—for purposes of calculating overtime pay—equals the wage she was paid plus the employer's tip credit.[10] 29 C.F.R. § 531.60; *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1349 (S.D. Fla. 2008) (quotation and citation omitted).

The most an employer may apply toward the tip credit is $5.12 hourly. 29 C.F.R. § 516.28(a)(3). Ms. Groeschel, however, requests the court use a $3.02 hourly tip credit. (Doc. 15, p. 14). So, for purposes of calculating overtime, Ms. Groeschel's regular wage equals the hourly wage she was paid plus the $3.02 tip credit.

Fish House paid Ms. Groeschel $5.03 hourly from October 9, 2015, to December 31, 2016. (Doc. 16, ¶4). Ms. Groeschel's regular hourly wage during that period, for

---

[8] $2.15 (difference) x 1,640 (non-overtime hours) = $3,526 (unpaid minimum wage)

[9] $5,416.80 (10/9/15–12/31/16) + $3,526 (1/1/17–11/30/17) = $8,942.80 (total unpaid minimum wage)

[10] For certain types of employees, like servers, an employer may credit the employee's tips toward the minimum wage; this is called a tip credit. 29 U.S.C. § 203(m).

purposes of calculating overtime, was therefore $8.05.[11]  She worked fifteen hours overtime each week for sixty-one weeks from October 9, 2015, to December 31, 2016. (Doc. 16, ¶6).  Ms. Groeschel may therefore recover $11,053.20[12] in unpaid overtime from October 9, 2015, to December 31, 2016.

Fish House paid Ms. Groeschel $5.10 hourly from January 1, 2017, to November 30, 2017.  (Doc. 16, ¶5).  Ms. Groeschel's regular hourly wage during that period, for purposes of calculating overtime, was therefore $8.12.[13]  She worked fifteen hours overtime each week for forty-one weeks from January 1, 2017, to November 30, 2017.  (Doc. 16, ¶6).  Ms. Groeschel may therefore recover $7,490.70[14] in unpaid overtime from January 1, 2017, to November 30, 2017.

---

[11]  $3.02 (tip credit) + $5.03 (hourly wage) = $8.05 (regular hourly wage for purposes of calculating overtime)

[12]  15 (weekly overtime) x 61 (weeks worked) = 915 (overtime hours worked)

$8.05 (regular wage for purposes of calculating overtime) x 1.5 = $12.075 (which rounds up to $12.08)

915 (overtime hours worked) x $12.08 (overtime wage) = $11,053.20 (unpaid overtime)

[13]  $3.02 (tip credit) + $5.10 (hourly wage) = $8.12 (regular wage for purposes of calculating overtime)

[14]  15 (weekly overtime) x 41 (weeks worked) = 615 (overtime hours worked)

$8.12 (regular wage for purposes of calculating overtime) x 1.5 = $12.18

615 (overtime hours worked) x $12.18 (overtime wage) = $7,490.70 (unpaid overtime)

Altogether, Ms. Groeschel should be awarded $18,543.90[15] in unpaid overtime.

## C.    Reimbursement for Misappropriated Tips

Ms. Groeschel claims she is entitled to reimbursement from Fish House for misappropriated tips. (Doc. 15, pp. 6–7). According to Ms. Groeschel, Fish House forced her to share $30 of her daily wage with employees who cannot participate in tip pools under the FLSA, like dishwashers and hostesses. (Doc. 15, p. 7). Ms. Groeschel seeks to recover $30 each day for 510 days—from October 9, 2015, to November 30, 2017—in which Fish House misappropriated tips. (*Id.*). So, Ms. Groeschel seeks to recover $15,300[16] "as damages for tips misappropriated" by Fish House. (*Id.*).

Two authorities Ms. Groeschel cites, with respect to her misappropriation-damages claim, do not state an FLSA plaintiff may recover misappropriated tips in addition to a minimum-wage award. *See* 29 U.S.C. § 203(m) (defining "wage" and discussing how to determine a tipped employee's wage); *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1355 (M.D. Fla. 2016) (discussing tip credits and tip pools).

Ms. Groeschel cites a fact sheet from the Department of Labor Wage and Hour Division, which states an employee may recover misappropriated tips in addition to a minimum-wage award if she is required to participate in an illegitimate tip pool

---

[15]  $11,053.20 (10/9/15–12/31/16) + $7,490.70 (1/1/17–11/30/17) = $18,543.90 (total unpaid overtime)

[16]  $30 (daily misappropriated tips) x 510 (days worked) = $15,300 (misappropriated tips)

under the FLSA. *See* U.S. Dep't of Labor Wage and Hour Division, *Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)*, DOL.gov (Apr. 2018), https://www.dol.gov/whd/reg/compliance/whdfs15.pdf (discussing how a tipped employee who is required to contribute to an illegitimate tip pool is owed minimum wage and reimbursement of the tips she contributed to the pool).

Department of Labor Fact Sheets, however, are not binding law. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 n.1 (S.D. Fla. 2012) (citation omitted); *see also Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000) (stating that Department of Labor opinion letters are "entitled to respect" to the extent the letters' interpretations have "power to persuade") (citations omitted).

Monetary recovery under the FLSA is usually limited to unpaid minimum wages, unpaid overtime, and liquidated damages. *Lyons v. Allendale Mut. Ins. Co.*, 484 F. Supp. 1343, 1344–45 (N.D. Ga. 1980) (citations omitted). Courts are also careful to avoid allowing FLSA plaintiffs to obtain double recovery of monetary awards. *See, e.g.*, 703 F. Supp. 925, 927 (N.D. Ga. 1988) (discussing how court found no authority to award both prejudgment interest and liquidated damages to FLSA plaintiff); *see also Santana v. Duke, LLC*, No. 2:16-CV-190-FtM-99MRM, 2017 WL 2608808, at *12 (M.D. Fla. May 16, 2017) (stating FLSA plaintiff was not entitled to "a duplicative award of damages").

Ms. Groeschel provided no persuasive authority that states an FLSA plaintiff may recover both unpaid minimum wages and reimbursement of tips she was forced

to contribute to an illegitimate tip pool.  The undersigned also found no case law expressly allowing for recovery of misappropriated tips in addition to unpaid minimum wages.  Considering Ms. Groechel's lack of persuasive authority, the usual practice of awarding only unpaid minimum wages, unpaid overtime, and liquidated damages, and the possibility that reimbursement of misappropriated tips in addition to a minimum-wage award might result in a double recovery,[17] Ms. Groeschel should not be awarded $15,300 in "damages for tips misappropriated" by Fish House.

### D.    Liquidated Damages

An employer who violates Sections 206 (minimum-wage provision) or 207 (overtime provision) of the FLSA, must also pay the employee "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  If an employer fails to show it acted in good faith when it failed to comply with Sections 206 or 207, then the court must award liquidated damages.  *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citation omitted).

Ms. Groeschel's complaint alleges Fish House acted knowingly and willfully when it failed to comply with Sections 206 and 207 of the FLSA.  (Doc. 1, pp. 4–5).  Ms. Groeschel also alleges Fish House failed to try to comply with the FLSA in good

---

[17] The possibility of a double recovery is requiring Fish House to pay Ms. Groeschel as a non-tipped employee for purposes of minimum-wage compensation and as a tipped employee by requiring Fish House to reimburse Ms. Groeschel misappropriated tips.  Further, tips Ms. Groeschel received are not considered when calculating her minimum-wage or overtime awards (i.e., her awards are not reduced by tips she received), but Ms. Groeschel requests tips be considered for purposes of requiring Fish House to reimburse misappropriated tips.

faith. (Doc. 1, p. 4). A defendant who defaults admits well-pleaded allegations in the complaint. *Buchanan*, 820 F.2d 359 at 361 (citation omitted). By defaulting, Fish House admits it failed to act in good faith; therefore, Ms. Groeschel may recover liquidated damages.

Liquidated damages equal the minimum-wage award plus the overtime award. *Wallace*, 247 F.R.D. at 684. So, Ms. Groeschel should be awarded $27,486.70[18] in liquidated damages.

### E.    Judgment for Attorney's Fees

A court must award reasonable attorney's fees and costs to a prevailing plaintiff under the FLSA. 29 U.S.C. § 216(b); *Wallace*, 247 F.R.D. at 684 (citation omitted). Mr. Groeschel may therefore recover reasonable attorney's fees and costs.

The January 10th order required Ms. Groeschel "to file a declaration containing all information needed to support her . . . attorney's fees [and] costs." (Doc. 14, p. 4). Ms. Groeschel includes no information about the reasonableness of her attorney's fees or costs in her current motion. (Doc. 15). She instead requests to move for attorney's fees and costs after the court enters judgment on the FLSA claims. (*Id.* at 8). An FLSA plaintiff may submit documentation supporting a judgment for attorney's fees and costs after the court determines damages on the underlying FLSA claims. *See Lopez v. Hacienda Mexican Grill, Inc.*, No. 8:13-CV-350-T-33MAP, 2013

---

[18]   $8,942.80 (minimum-wage award) + $18,543.90 (overtime award) = $27,486.70 (liquidated damages)

WL 2949137, at *5 (M.D. Fla. June 14, 2013) (allowing FLSA plaintiff to submit documentation about reasonable attorney's fees and costs after the court determined the minimum-wage and overtime awards).

Contrary to Ms. Groeschel's request, however, the undersigned recommends deferring entry of default on the overtime (Count I) and minimum-wage (Count II) claims until after Ms. Groeschel's reasonable attorney's fees and costs are determined.  Otherwise, the court would be directing the Clerk to enter judgments on Counts I and II separately from the judgment on Count IV, which requests an attorney's fees judgment.

For the purposes of a clean record, the undersigned recommends judgment on the minimum-wage and overtime claims (Counts I and II) be entered at the same time as judgment on the attorney's fees claim (Count IV).  Ms. Groeschel should be required to submit documentation, which must support her claim for attorney's fees and costs, within fourteen days of the court's order on Ms. Groeschel's current motion.

## IV.   CONCLUSION

Fish House owes Ms. Groeschel minimum-wage and overtime compensation because Fish House failed to plead or otherwise defend against Ms. Groeschel's claims.  Ms. Groeschel's well-pleaded allegations establish Fish House failed to act in good faith when it failed to comply with the FLSA; so, Ms. Groeschel may also recover liquidated damages.  And the court should defer entering judgment on the minimum-wage and overtime claims (Counts I and II) until after determining Ms. Groeschel's

reasonable attorney's fees and costs (Count IV). The following is therefore **RECOMMENDED**:

1.   Ms. Groeschel's motion for damages on her overtime and minimum-wage claims (Doc. 15) should be **GRANTED** as follows:

   a.   Ms. Groeschel should be awarded **$18,543.90** in unpaid overtime (Count I).

   b.   Ms. Groeschel should be awarded **$8,942.80** in unpaid minimum wages (Count II).

   c.   Ms. Groeschel should be awarded **$27,486.70** in liquidated damages.

2.   Entry of judgment on Counts I and II should be deferred until Ms. Groeschel's reasonable attorney's fees and costs are determined. At that point, judgment may be entered on Counts I, II, and IV.

3.   Ms. Groeschel should be required to submit documentation, which must support her claim for attorney's fees and costs (Count IV), within fourteen days of the court's order on Ms. Groeschel's current motion.

**ENTERED** in Tampa, Florida on February 27, 2019.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

13

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service bars an aggrieved party from attacking the factual findings on appeal.   28 U.S.C. § 636(b)(1).

cc:     Jefferson F. Riddell, Registered Agent
        3400 S. Tamiami Trail
        Sarasota, FL 34239

        Casey Key Fish House, Inc.
        801 Blackburn Point Rd.
        Osprey, FL 34229